UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GEORGE THACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:10-CV-255 |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| CITY OF KINGSPORT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

*Pro se* plaintiff George Thacker ("Plaintiff" or "Thacker") filed suit against the City of Kingsport ("City") and Kingsport Police Officers Matt Stewart, Dan Brookshire, and Martin Taylor (collectively "Officers")[1] under 42 U.S.C. § 1983 and pursuant to various Tennessee state law causes of action. Now before the Court is a motion for summary judgment filed by the City and the Officers jointly (Court File No. 16). Plaintiff's wife filed a response on Plaintiff's behalf (Court File No. 20), and the City and the Officers replied to her response (Court File No. 21). Plaintiff's wife then replied to the City and Officers' response (Court File No. 22).[2] For the reasons discussed below, the Court will **GRANT** the City's and the Officers' motion for summary judgment (Court File No. 16) on Plaintiff's § 1983 claim, and will **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims.

---

[1] Officers Stewart, Brookshire, and Taylor are sued in their individual and official capacities.

[2] Plaintiff's wife provides a copy of a "power of attorney" signed by Plaintiff apparently authorizing her to proceed on his behalf. However, in federal court, a party must proceed either "personally or by counsel." 28 U.S.C. § 1654. Further, "the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st cir. 2002). The Court will not consider the responses of Plaintiff's wife. However, if the Court had considered her responses, the outcome of Defendants' motion would remain the same.

## I. FACTUAL & PROCEDURAL BACKGROUND

This case arises out of an incident that occurred on October 19, 2009. At around 5:20 pm, Officer Dan Brookshire, an off duty Kingsport Police Reserve Officer, was taking his wife to work at Regions Bank (Court File No. 16, Brookshire Aff., pp. 1-2). Officer Brookshire noticed a truck parked partially on the sidewalk with the door open. He approached the vehicle and saw Plaintiff George Thacker sitting inside. When Thacker spoke to Officer Brookshire, the latter noted Thacker's speech was slurred and he appeared intoxicated (Court File No. 16, Brookshire Aff., p. 2). Officer Brookshire contacted Central Dispatch.

At this point, Thacker attempted to leave the area, but Officer Brookshire instructed him to stay (*id.*); (Court File No. 2, Am. Compl., ¶ 7). Thacker asked Officer Brookshire, who was in plain clothes, "Who are you?" Officer Brookshire responded, "I am the police," and showed Thacker his police identification (Court File No. 16, Brookshire Aff., p. 2). Officer Brookshire, fearing Thacker to be intoxicated and dangerous if he were to drive away in the truck, then sought Thacker's keys (*id.*). Something of an altercation followed, with Thacker grabbing Officer Brookshire's shirt sleeve, and Officer Brookshire threatening to charge Thacker with assault if the grabbing continued. Officer Brookshire then obtained Thacker's keys (*id.*).

Shortly thereafter, Officer Martin Taylor, responding to Officer Brookshire's disturbance call, arrived on the scene (Court File No. 16, Taylor Aff., p. 2). Officers Taylor and Brookshire discussed the circumstances preceding Officer Taylor's arrival. Officer Taylor then sought identification from Thacker, which was not forthcoming (*id.*). In fact, Thacker refused to speak to Officer Taylor for some time before finally stating, "I don't have to tell you a f---ing thing" (*id.*). Officer Taylor did not smell alcohol on Thacker but noticed he seemed impaired, as if he were

2

medicated or under the influence of drugs (*id.*).

Thacker attempted to return to his truck, and Officer Taylor instructed him to stop (*id.* at pp. 2-3). Thacker disregarded this instruction. Officer Taylor claims he then saw Thacker reaching for something in the cab of the truck. Worried Thacker was attempting to retrieve a weapon, Officer Taylor grabbed Thacker's arm and the two struggled (*id.* at p. 3). Officer Taylor commanded Thacker to stop and to put his hands behind his back, but Thacker refused to comply (*id.*). During the struggle, Officer Matt Stewart arrived (Court File No. 16, Stewart Aff., p. 2). Officer Stewart observed Thacker appeared medicated, and noted Thacker's speech was slurred and he was unsteady on his feet (*id.*). With Officer Stewart's assistance, Thacker was handcuffed and placed in the back of Officer Stewart's police cruiser (Court File No. 16, Taylor Aff., p.3). The Officers used a wrist lock technique to accomplish Thacker's incapacitation (*id.*).

After his arrest, Thacker was taken to Kingsport City Jail, where he was processed by the Intake Jailer, Andy Goddard (Court File No. 16, Goddard Aff., p. 1). Goddard completed an Intake Form for Thacker, which noted Thacker was currently taking Phenobarbitol and Dylantin (Court File No. 47, Ex. 1). It also noted Thacker was complaining of pain in his left shoulder (*id.*).

Thacker was charged with public intoxication and resisting arrest (Court File No. 2, Am. Compl., ¶ 8); (Court File No. 17, Mem. Supp. Mot. Summ. J., p. 3). On June 21, 2011, Thacker was found not guilty by the Honorable Mark Toohey (Court File No 16, Ex. E). Although Judge Toohey found Plaintiff not guilty, he also found that the Officers acted with probable cause when they arrested Thacker (*id.*).

On October 19, 2010, Plaintiff filed a complaint in state court against the City and the Officers. In support of his claims, Plaintiff cites 42 U.S.C. § 1983; the Fifth, Eighth, and Fourteenth

3

Amendments of the United States Constitution; the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq.*; and he asserts state law claims of assault, battery, and wrongful arrest. Defendants removed the case to this court on November 18, 2010. Subsequently, Plaintiff was incarcerated in state prison on unrelated charges. In June 2012, Defendants moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2-3 (E.D. Tenn. Nov. 4, 2009) (explaining the Court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C.*

*Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

Thacker contends the conduct of the Officers during the October 2009 incident amounts to a violation of federal and Tennessee state law by the City of Kingsport and the Officers. His federal claim, brought under 42 U.S.C. § 1983, alleges violations of his rights under the Fifth, Eighth,[3] and Fourteenth Amendments of the United States Constitution.[4] Although he does not specifically cite the Fourth Amendment, Plaintiff accuses the Officers and City of "wrongful arrest, along with assault and battery," which the Court will construe as a claim under the Fourth Amendment. *See Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 212 n.1 (6th Cir. 2011) (construing a claim of wrongful arrest under § 1983 as a Fourth Amendment claim even though the plaintiff failed to cite

---

[3] The Eighth Amendment protects post-conviction inmates. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). Plaintiff's complaint arises from events occurring before formal charges were brought. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

[4] To the extent Thacker's Amended Complaint states a substantive due process claim, he would have to demonstrate the Officers' conduct "shocks the conscience" or otherwise "interferes with rights implicit in the concept of ordered liberty." *United States v. Green*, 654 F.3d 637, 652 (6th Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). Thacker has made no argument to this effect, nor cited any case in support of this proposition. Accordingly, the Court concludes summary judgment is proper for the City and the Officers on Thacker's substantive due process claim.

5

the Fourth Amendment in his complaint); *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010) ("[I]f the plaintiff was a free person at the time of the incident and the use of force occurred in the course of arrest or other seizure of the plaintiff, the plaintiff's claim is governed by the Fourth Amendment's reasonableness standard.") (citing *Phelps v. Coy*, 286 F.3d 295, 299-300 (6th Cir. 2002)). Accordingly, the Court will consider Plaintiff's § 1983 claim under the Fourth Amendment.

### A. §1983 Claim

Thacker's Amended Complaint alleges the City and the Officers, both individually and as law enforcement officers, violated 42 U.S.C. § 1983. To state a general claim under § 1983, a plaintiff must "demonstrate that a person acting under color of state law 'deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citing *Bennett v. City of Eastepointe*, 410 F.3d 810, 817 (6th Cir. 2005)). The Court grants summary judgment to Defendants on Thacker's § 1983 claim because he does not demonstrate he was "deprived of rights . . . secured by the Constitution or laws of the United States."

#### 1. Wrongful Arrest

Thacker asserts a claim of wrongful arrest against Defendants, which is analyzed under the Fourth Amendment of the United States Constitution. An individual has the right "to be secure in their persons . . . against unreasonable seizures." U.S. Const. amend. IV. For an arrest to be reasonable without a warrant under the Fourth Amendment, an officer must have "probable cause to believe that a criminal offense has been or is being committed." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007) (internal citations omitted). However, "the validity of the arrest does not depend on whether the suspect actually committed the crime." *Id*. Thus, "in order for a wrongful arrest

claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Brooks v. Rothe*, 577 F.3d 701, 706 (quoting *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002)). "Probable cause exists if facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Logsdon*, 492 F.3d at 341 (quoting *Henry v. United States*, 361 U.S. 98, 102 (1959)).

However, in this case, the question has already been answered and collateral estoppel bars the Court from analyzing the issue. "Where 'the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action.'" *Henderson v. Reyda*, No. 3:03CV703, 2005 WL 1397030, at *5 (E.D. Tenn. June 13, 2005), *aff'd*, 192 F. App'x 392 (6th Cir. 2006) (quoting *Smith v. Thornburg*, 136 F.3d 1070, 1076 (6th Cir.1998)). The General Sessions Court for Sullivan County conducted a preliminary hearing for this case on June 21, 2011. After hearing testimony from Officers and witnesses, Judge Toohey found Thacker not guilty. However, he added,

> [W]hat's going to happen in most cases such as this, and I think that the officers acted properly, is that they're going to try to get that person off the street by taking them on into jail and trying to investigate further and find out what's going on. In Mr. Thacker's case the resisting that's been described here was minimal. I don't think that he had committed any crime, and I don't, at this point, think it would serve the interest of justice to find him guilty. I'm going to find him not guilty, but I do find that the officers had probable cause to arrest [Thacker] and take him into custody, just basically because as a part of their community caretaking process in this case . . . So the cases are dismissed, but I do not fault the officers for what they did.

Thacker was represented by counsel at the preliminary hearing and had the opportunity to cross examine witnesses. "[B]ecause plaintiff had the opportunity to contest probable cause at the preliminary hearing, the General Sessions Court's finding of probable cause forecloses relitigation

7

of that issue in this case." *Henderson*, 2005 WL 1397030, at *5. Accordingly, Defendants are entitled to summary judgment on Thacker's wrongful arrest claim.

### 2. Excessive Force

As to Thacker's excessive force claim, such a claim will arise under the Fourth Amendment "[i]f the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). When determining whether an officer engaged in excessive force, a court should apply "the objective-reasonableness standard, which depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight." *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010) (quoting *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007)). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) (citing *Graham*, 490 U.S. at 395). In evaluating whether the officer's use of force was reasonable, a court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest or flight." *Id.* (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 307 (6th Cir. 2001)).

Thacker has not met his burden here. Thacker has merely alleged violations of his rights and pointed solely to the judgment of not guilty to the charges arising from the events at issue. He has not identified any specific force that was excessive beyond alleging he suffered "severe pains to [his] shoulder due to forceful arrest" and "mental anguish" from his public apprehension (Court File No. 2, Am. Compl., ¶ 11)**.** The Officers, on the other hand, have each provided an affidavit explaining

8

the circumstances of the struggle between Plaintiff and the Officers.

The evidence in the record establishes Plaintiff was attempting to leave in his vehicle and appeared intoxicated (Court File No. 16, Brookshire Aff., p. 2). Plaintiff admits he was resisting arrest (Court File No. 2, Am. Compl., p. 2) ("Mr. Thacker made efforts to continue his journey home by resisting Officer Taylor's threat of arrest for no cause."). This presented a danger both to Plaintiff and to the general public. It was reasonable, on the facts in the record, for the Officers to restrain Plaintiff so he would not drive away in an apparently intoxicated state. After the Officers obtained his keys, Plaintiff reached into the cab of his truck even though he was instructed to stop (Court File No. 16, Taylor Aff., p. 2). It was possible, from the perspective of an officer on the scene, that Thacker had a weapon inside the truck, and it was reasonable to further restrain Plaintiff when he continued reaching into the truck after being instructed to stop. As a result, lawful force was authorized to effectuate an arrest. Even viewing this evidence most favorably to Plaintiff, it is impossible to determine that any of the force used to subdue Plaintiff was excessive. Because Plaintiff has failed to carry his burden, Defendants are entitled to summary judgment in their favor on Plaintiff's excessive force claim.

Thacker's wrongful arrest claim is barred by collateral estoppel, and he fails to show deprivation of a federal right in his excessive force claim. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment as to Thacker's § 1983 claim.

### B. State Law Claims

Thacker also asserts a number of state claims against the City and the Officers. Specifically, he brings claims under negligence, assault, and battery. As state law claims brought in a federal-question case, these claims can only be heard by the Court through the exercise of supplemental

jurisdiction, pursuant to 28 U.S.C. § 1367. The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). A federal district court should only exercise its discretion to retain supplemental jurisdiction after dismissing federal claims under limited circumstances, which frequently involve some degree of forum manipulation. *See Carnegie-Mellon*, 484 U.S. at 357. There is no indication of manipulative tactics in this case, and no other compelling reason for the Court to retain supplemental jurisdiction over Thacker's state law claims.

Accordingly, dismissal of these claims without prejudice is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** the City's and the Officers' motion for summary judgment (Court File No. 16) on Plaintiff's § 1983 claim, and will **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims. There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** this case.

An Order shall enter.

          **/s/**
          **CURTIS L. COLLIER**
          **CHIEF UNITED STATES DISTRICT JUDGE**